| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Steve Sedgwick, In Pro Se<br>Post Office Box 838<br>Koloa, Hawaii 96756<br>Telephone: (949) 300-5412<br><br>☒ Individual appearing without attorney<br>☐ Attorney for: | FOR COURT USE ONLY<br><br>**FILED**<br>**DEC - 6 2017**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION** ▼

| In re:<br><br>STEVE SEDGWICK<br><br>Debtor(s). | CASE NO.: 8:12-BK-18323-TA<br>ADVERSARY NO.:<br>(if applicable)<br>CHAPTER: 11 ▼ |
|---|---|
| Plaintiff(s) (if applicable).<br>vs.<br><br><br><br><br>Defendant(s) (if applicable). | **NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): __STEVE SEDGWICK__

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☐ Other (describe):

For appeals in a bankruptcy case and not in an adversary proceeding.
☒ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe):

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:
ORDER: (1) RECLOSING CHAPTER 11 CASE; (2) UNSEALING DOCUMENTS PREVIOUSLY FILED UNDER SEAL; AND (3) RELIEVING THE DULY APPOINTED CHAPTER 11 TRUSTEE SARA L. CHENETZ OF FURTHER RESPONSIBILITY

2. The date the judgment, order, or decree was entered: 11/29/2017

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (*attach additional pages if necessary*):

1. Party: LEONARD SHULMAN, SHULMAN & HODGES & BASTIAN LLP, MARK BRADSHAW

    Attorney:
    TOMMY GALLARDO (BAR NO. 89588)
    NEMECEK & COLE
    15260 VENTURA BLVD., STE. 920
    SHERMAN OAKS, CA 91403    TEL: (818) 788-9500

2. Party: LEONARD SHULMAN

    Attorney:
    JOHN A. GRAHAM (BAR NO. 71017)
    JEFFER MANGELS BUTLER & MITCHELL LLP
    1900 AVENUE OF THE STARS, 7TH FLOOR
    LOS ANGELES, CA 90067-4308

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_____    Date: 12-6-17
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

Continuation of "other Parties"

Mark Bradshaw
16310 Bake Parkway, Ste. 200
Irvine, CA 92684

Kent Salveson
2546 Eastbluff Drive #459
Newport Beach, CA 92660
Tel (949) 291-7393

Peter C. Anderson US Trustee
Frank M. Cadigan (Bar No. 095666) Assistant US Trustee
411 West Fourth Street, Ste. 7160
Santa Ana, CA 92701-8000

```
 1  PETER C. ANDERSON
    United States Trustee
 2  Frank M. Cadigan (Bar No. 095666)
    Assistant U.S. Trustee
 3  Ronald Reagan Federal Building
      and United States Courthouse
 4  411 West Fourth Street, Suite 7160
    Santa Ana, CA 92701-8000
 5  Telephone: (714) 338-3400
    Facsimile: (714) 338-3421
 6  Email: frank.cadigan@usdoj.gov
 7
```

**FILED & ENTERED**

NOV 29 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

In re:

STEVE SEDGWICK,

Debtor.

CASE NUMBER: 8:12-bk-18323-TA

CHAPTER 11

ORDER: (1) RE-CLOSING CHAPTER 11 CASE;
(2) UNSEALING DOCUMENTS PREVIOUSLY
FILED UNDER SEAL; AND (3) RELIEVING
THE DULY APPOINTED CHAPTER 11
TRUSTEE SARA L. CHENETZ OF FURTHER
RESPONSIBILITY

Date: November 8, 2017
Time: 10:00 A.M.
Courtroom: 5B

The matters of the Evaluation Hearing on Reports [Docket #580], filed by the Chapter 11 Trustee, Sara L. Chenetz, on April 10, 2017 [Docket #577], the Report of the United States Trustee filed on April 10, 2017 [Docket #576], and Debtor's Report, filed on April 7, 2017 [Docket #575], having come on for hearing on November 8, 2017, as item number 4.00 on the Court's calendar, and the Hearing on Further Briefs Regarding the Analysis of New Documents to be Presented as Ordered at the July 12, 2017 Order to Show Cause Hearing [Docket #584] and identified as item number 5.00 on the Court's November 8, 2017

1

calendar, and the Debtor Steve Sedgwick having appeared in pro se, Gordon Strange, Esq. having appeared as special counsel to the Debtor, Tommy Q. Gallardo of Nemecek & Cole having appeared for Shulman Hodges & Bastian LLP, Leonard M. Shulman, and Mark E. Bradshaw, John A. Graham of Jeffer Mangels Butler & Mitchell, LLP, having appeared for Leonard M. Shulman, Sara L. Chenetz having appeared telephonically, and the United States Trustee having made no appearance but, through Assistant United States Trustee Frank M. Cadigan, having been directed by the Court to prepare this Order, and the Court having heard and considered the arguments of counsel and the entirety of the record and for the reasons stated on the record and in the Court's tentative rulings, which are attached hereto and collectively marked Exhibit A, and for good cause shown:

**IT IS ORDERED:**

1. The Chapter 11 case of *In re: Steve Sedgwick*, Case Number 8:12-bk-18323-TA shall be re-closed immediately and all other matters on calendar in this case shall be taken off calendar, except for purposes of entering the rulings described in paragraph 4 below.

2. With the exception of the F.R.B.P. Rule 2004 examinations of Leonard M. Shulman and Mark E. Bradshaw conducted on February 27, 2017 at 10:00 a.m. and March 1, 2017 at 10:00 a.m. respectively, all other pleadings, documents, and exhibits filed under seal in connection with the case, shall be unsealed. The F.R.B.P. Rule 2004 transcripts of Leonard M. Shulman and Mark E. Bradshaw shall remain under seal.

3. The duly appointed, qualified and acting Chapter 11 Trustee, Sara L. Chenetz, is relieved of any further responsibility in connection with this case.

///
///
///
///

4. The Court issued a ruling on the evidentiary objections (Docket # 726) to the Declaration of Robin Sedgwick (Docket # 716) at the November 8, 2017 hearing. The Court will issue separate rulings on the evidentiary objections (Docket # 727) to the Declaration of Steve Sedgwick filed on October 23, 2017 (Docket # 717) and on the evidentiary objections (Docket # 732) to the Declaration of Steve Sedgwick filed on November 6, 2017 (Docket # 731).

###

Date: November 29, 2017

*Theodor C. Albert*
Theodor C. Albert
United States Bankruptcy Judge

# EXHIBIT A

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

Wednesday, November 08, 2017        Hearing Room   5B

---

10:00 AM
8:12-18323    Steve Sedgwick        Chapter 11

#4.00    Evaluation Hearing on Reports Filed by Trustee, U.S. Trustee and Debtor
**(con't from 10-11-17 per order on stip. ent. 9-22-17)**

Docket    580

**Tentative Ruling:**

Tentative for 11/8/17:

    These are continued matters described as: (1) Evaluation Hearing of Reports filed by Trustee and (2) Hearing on Further Briefs Regarding the Analysis of New Documents to be Presented as Ordered at July 12, 2017 Hearing." The court reopened this case in January 2017 for the narrow purpose of evaluating debtor's incendiary charge that Messrs. Shulman and Bradshaw, and the Shulman, Bastian & Hodges LLP firm, had concocted a fraudulent scheme to steal cash collateral to pay fees. A new trustee was appointed on re-opening for the sole purpose of exploring the charge. The case was not reopened as a free-ranging opportunity to explore every misstep in this most unfortunate of cases, nor to re-litigate matters already decided nor was it re-opened to indulge sundry other theories including Mr. Sedgwick's latest theory, "fraud upon the court." The appointed trustee, Ms. Sara Chenetz, filed a report indicating that no evidence of the alleged fraudulent scheme to steal cash collateral had been found, after a thorough investigation. The matters have been continued several times to give the debtor a full opportunity to prove any substance to his charges. The continuance from July 12, 2017 was specifically occasioned by the revelation that the appointed trustee had apparently not shared with debtor *all* of the estate's documents containing reportedly hundreds of emails between the parties. Because the debtor continued to insist that he would, if given the chance, prove the alleged fraudulent scheme, the additional time was given and the trustee was directed to share all of the documents. Then as now the court was careful to give every *reasonable* opportunity to unearth evidence since the charges are so serious.

    The debtor has now filed his further "Brief Establishing the Commission of a Fraudulent Scheme...." But there is nothing new here. Indeed, each and every charge outlined in the latest brief had already been known and investigated by the trustee. The fact that some $32,000 had been paid by Ms. Sedgwick on her credit card to the Shulman firm

---

# United States Bankruptcy Court
## Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

Wednesday, November 08, 2017                                                  Hearing Room    5B

### 10:00 AM
**CONT...  Steve Sedgwick**                                                                        **Chapter 11**

was already known. The fact that such sums were paid back to Ms. Sedgwick from the estate's income properties, presumably as "expenses" was also known. The fact that MORS failed to report any of this was also known. In effect, rents from the properties which were cash collateral of the bank, were paid indirectly to the Shulman firm through Ms. Sedgwick, without benefit of court order. But what was not shown, at least not clearly so, is that the Shulman attorneys *specifically knew that this was being done* or that they had orchestrated it this way. This question was at the center of the court's thinking in determining to reopen the case in the first place. This is not to say that the court is not dismayed by the complete lack of oversight of the Shulman firm, or the completely inadequate and false MORs which would/should have exposed what amounted to a cycling of cash collateral through Ms. Sedgwick into the Shulman firm. Nor is this to condone any of the other pervasive malfeasance that plagued this case including, but not limited to, failure to observe the requirements of the UST precedent to taking drawdowns on fees in advance of an allowance order. Nor does the court condone the aborted attempt to utilize unsold resort time for the benefit of Mr. Shulman's daughter, or to swap resort time for Mr. Marshack's desert property without court order. But all of this was already known and debtor offers nothing new. Moreover, the *disgorgement of all fees* and denial of any compensation to the Shulman firm was meant to and did address all these transgressions.

Worse, now Mr. Sedgwick attempts to widen the circle of inquiry by accusing the trustee, Ms. Naylor, or her lawyers Ringstad & Sanders, or both, of complicity in some kind of scheme to steal debtor's equity in the "One One Road" property in Haena, Hawaii. But the arguments offered are unsubstantiated. Much is made of a supposed attempt by the trustee to hurriedly sell this property at a low price, merely to raise money to pay fees. Two problems emerge regarding this wild theory. First, while debtor complains the "real" value was as much as $4 million, Debtor fails to explain why he signed schedules under penalty of perjury showing the value at $2,300,000. Compared to this valuation a proposed sale price at $3.2 million does not look so bad. Further, such a sale would have had to be approved after notice and a hearing and that would have been the proper occasion to address the alleged inadequacy of the price. Of course, no sale occurred. Rather, by stipulation the debtor borrowed sufficient funds against the property as part of an agreed dismissal of the case.

The court sees that the debtor has now noticed yet another motion for hearing on January 10, 2018 on another theory. No. The time has come to shut this down and re-close. The court's denial of all fees and costs to the Shulman firm and the requirement of nine hours

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

Wednesday, November 08, 2017      Hearing Room    5B

---

10:00 AM
CONT...   **Steve Sedgwick**      Chapter 11

of continuing legal education by end of year was discipline adequate for all malfeasance that has been substantiated. The court is not inclined to indulge Mr. Sedgwick's continuing campaign. What occurred here was a disgrace, but nothing good is achieved by continuing to re-dredge the same sorry facts.

*Case shall re-close immediately. All other matters on calendar are taken off calendar.*

---

Tentative for 7/12/17:

These are, respectively, the hearing on (1) the U.S.Trustee's motion for issuance of an OSC re referral of Messrs. Shulman and Bradshaw to the disciplinary panel and (2) further hearing regarding evaluation of the appointed trustee's report regarding the court's inquiry about whether, as charged by debtor, Shulman and Bradshaw engaged in a scheme to steal cash collateral to pay fees. These matters are considered together because they are substantially interrelated.

First, the OSC motion; there is not much that is new here. The same charges have been considered at several previous hearings after the case was reopened. Indeed, the same issues are addressed as were addressed before the case was initially closed. Most of the same issues are addressed in the appointed trustee's report. In summary, it can be said that: (a) the trustee's investigation revealed an appalling lack of attention to the basic requirements of DIP's counsel, let alone the superior service expected of senior lawyers; (b) the trustee found no evidence that there was a deliberate attempt to steal cash collateral to pay fees and (c) generally, that Messrs. Shulman and Bradshaw cooperated with the investigation. The court has read the declarations filed by each of Leonard Shulman and Mark Bradshaw. With a few small exceptions (discussed below) the tone of each declaration is contrite and apparently frank and honest. Mistakes are readily admitted and any attempt to intentionally mislead the court is denied. Mr. Shulman claims that remedial steps have been undertaken to improve procedures in his law firm. He also claims to have taken seven hours of CEB instruction (not quite the nine hours recommended by the UST).

United States Bankruptcy Court
Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

Wednesday, November 08, 2017      Hearing Room   5B

10:00 AM
8:12-18323    Steve Sedgwick            Chapter 11

#5.00    Hearing on Further Briefs Regarding The Analysis of New Documents To Be Presented As Order At 7-12-17 OSC Hearing
**(con't from 10-11-17 per order on stip. ent. 9-22-17)**

Docket    584

**Tentative Ruling:**

Tentative for 11/8/17:

     These are continued matters described as: (1) Evaluation Hearing of Reports filed by Trustee and (2) Hearing on Further Briefs Regarding the Analysis of New Documents to be Presented as Ordered at July 12, 2017 Hearing." The court reopened this case in January 2017 for the narrow purpose of evaluating debtor's incendiary charge that Messrs. Shulman and Bradshaw, and the Shulman, Bastian & Hodges LLP firm, had concocted a fraudulent scheme to steal cash collateral to pay fees. A new trustee was appointed on re-opening for the sole purpose of exploring the charge. The case was not reopened as a free-ranging opportunity to explore every misstep in this most unfortunate of cases, nor to re-litigate matters already decided nor was it re-opened to indulge sundry other theories including Mr. Sedgwick's latest theory, "fraud upon the court." The appointed trustee, Ms. Sara Chenetz, filed a report indicating that no evidence of the alleged fraudulent scheme to steal cash collateral had been found, after a thorough investigation. The matters have been continued several times to give the debtor a full opportunity to prove any substance to his charges. The continuance from July 12, 2017 was specifically occasioned by the revelation that the appointed trustee had apparently not shared with debtor *all* of the estate's documents containing reportedly hundreds of emails between the parties. Because the debtor continued to insist that he would, if given the chance, prove the alleged fraudulent scheme, the additional time was given and the trustee was directed to share all of the documents. Then as now the court was careful to give every *reasonable* opportunity to unearth evidence since the charges are so serious.

     The debtor has now filed his further "Brief Establishing the Commission of a Fraudulent Scheme...." But there is nothing new here. Indeed, each and every charge outlined in the latest brief had already been known and investigated by the trustee. The fact that some $32,000 had been paid by Ms. Sedgwick on her credit card to the Shulman firm

United States Bankruptcy Court
Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

Wednesday, November 08, 2017                                         Hearing Room     5B

10:00 AM
CONT...    Steve Sedgwick                                                  Chapter 11

was already known. The fact that such sums were paid back to Ms. Sedgwick from the estate's income properties, presumably as "expenses" was also known. The fact that MORS failed to report any of this was also known. In effect, rents from the properties which were cash collateral of the bank, were paid indirectly to the Shulman firm through Ms. Sedgwick, without benefit of court order. But what was not shown, at least not clearly so, is that the Shulman attorneys *specifically knew that this was being done* or that they had orchestrated it this way. This question was at the center of the court's thinking in determining to reopen the case in the first place. This is not to say that the court is not dismayed by the complete lack of oversight of the Shulman firm, or the completely inadequate and false MORs which would/should have exposed what amounted to a cycling of cash collateral through Ms. Sedgwick into the Shulman firm. Nor is this to condone any of the other pervasive malfeasance that plagued this case including, but not limited to, failure to observe the requirements of the UST precedent to taking drawdowns on fees in advance of an allowance order. Nor does the court condone the aborted attempt to utilize unsold resort time for the benefit of Mr. Shulman's daughter, or to swap resort time for Mr. Marshack's desert property without court order. But all of this was already known and debtor offers nothing new. Moreover, the *disgorgement of all fees* and denial of any compensation to the Shulman firm was meant to and did address all these transgressions.

Worse, now Mr. Sedgwick attempts to widen the circle of inquiry by accusing the trustee, Ms. Naylor, or her lawyers Ringstad & Sanders, or both, of complicity in some kind of scheme to steal debtor's equity in the "One One Road" property in Haena, Hawaii. But the arguments offered are unsubstantiated. Much is made of a supposed attempt by the trustee to hurriedly sell this property at a low price, merely to raise money to pay fees. Two problems emerge regarding this wild theory. First, while debtor complains the "real" value was as much as $4 million, Debtor fails to explain why he signed schedules under penalty of perjury showing the value at $2,300,000. Compared to this valuation a proposed sale price at $3.2 million does not look so bad. Further, such a sale would have had to be approved after notice and a hearing and that would have been the proper occasion to address the alleged inadequacy of the price. Of course, no sale occurred. Rather, by stipulation the debtor borrowed sufficient funds against the property as part of an agreed dismissal of the case.

The court sees that the debtor has now noticed yet another motion for hearing on January 10, 2018 on another theory. No. The time has come to shut this down and re-close. The court's denial of all fees and costs to the Shulman firm and the requirement of nine hours

United States Bankruptcy Court
Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

Wednesday, November 08, 2017             Hearing Room    5B

10:00 AM
CONT...    Steve Sedgwick             Chapter 11

of continuing legal education by end of year was discipline adequate for all malfeasance that has been substantiated. The court is not inclined to indulge Mr. Sedgwick's continuing campaign. What occurred here was a disgrace, but nothing good is achieved by continuing to re-dredge the same sorry facts.

*Case shall re-close immediately. All other matters on calendar are taken off calendar.*

---

Prior Tentative:

These are, respectively, the hearing on (1) the U.S.Trustee's motion for issuance of an OSC re referral of Messrs. Shulman and Bradshaw to the disciplinary panel and (2) further hearing regarding evaluation of the appointed trustee's report regarding the court's inquiry about whether, as charged by debtor, Shulman and Bradshaw engaged in a scheme to steal cash collateral to pay fees. These matters are considered together because they are substantially interrelated.

First, the OSC motion; there is not much that is new here. The same charges have been considered at several previous hearings after the case was reopened. Indeed, the same issues are addressed as were addressed before the case was initially closed. Most of the same issues are addressed in the appointed trustee's report. In summary, it can be said that: (a) the trustee's investigation revealed an appalling lack of attention to the basic requirements of DIP's counsel, let alone the superior service expected of senior lawyers; (b) the trustee found no evidence that there was a deliberate attempt to steal cash collateral to pay fees and (c) generally, that Messrs. Shulman and Bradshaw cooperated with the investigation. The court has read the declarations filed by each of Leonard Shulman and Mark Bradshaw. With a few small exceptions (discussed below) the tone of each declaration is contrite and apparently frank and honest. Mistakes are readily admitted and any attempt to intentionally mislead the court is denied. Mr. Shulman claims that remedial steps have been undertaken to improve procedures in his law firm. He also claims to have taken seven hours of CEB instruction (not quite the nine hours recommended by the UST).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
15333 Culver Drive, Ste. 340-232, Irivne, CA 92604

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 12/06/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE US TRUSTEE, ANY TRUSTEE IN THIS CASE, AND TO ANY ATTONREYS WHO RECEIVE SERVICE BY NEF.

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 12/06/2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
HONORABLE THEODOR C. ALBERT, US BANKRUPTCY JUDGE, (hand delivered to File Clerk at the time of filing) at the US Bankruptcy Court, 411 West Fourth Street, Ste. 7160, Santa Ana, Ca 92701-8000

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/06/2017 | Charlene McCash | _(signature)_ |
|---|---|---|
| Date | Printed Name | Signature |